# EXHIBIT A

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
SUPREME COURT: COUNTY OF NIAGARA

DANIEL WARMUS

*Plaintiff*,

vs.

CITY OF LOCKPORT
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT LIEUTENANT
STEVEN TARNOWSKI
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT POLICE OFFICER
JOHN DOE(S)
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
CAROLE EDWARDS
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
SARAH LANZO
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
JENNIFER WOCHNA
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
EMILY STODDARD
One Locks Plaza

**SUMMONS**

Index No.:

The basis of venue is the Defendants' Place of Business

Plaintiff designates Niagara County as the place of trial

Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE(S)
JOHN DOE(S)
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

*Defendants*.

---

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with the Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: Buffalo, New York
December 1, 2024

**PENBERTHY LAW GROUP LLP**

By: *s/Brittanylee Penberthy, Esq.*
BRITTANYLEE PENBERTHY, ESQ.
Attorneys for Plaintiff
Office and P.O. Address
227 Niagara Street
Buffalo, New York 14201
(716) 803-8402

SUPREME COURT OF THE STATE OF NEW YORK
SUPREME COURT: COUNTY OF NIAGARA

DANIEL WARMUS

*Plaintiff,*

vs.

**COMPLAINT**

Index No.:

CITY OF LOCKPORT
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT LIEUTENANT
STEVEN TARNOWSKI
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT POLICE OFFICER
JOHN DOE(S)
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
CAROLE EDWARDS
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
SARAH LANZO
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
JENNIFER WOCHNA
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE
EMILY STODDARD

One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

CITY OF LOCKPORT EMPLOYEE(S)
JOHN DOE(S)
One Locks Plaza
Lockport Municipal Building
Lockport, New York 14094

*Defendants*.

---

Plaintiff, above named, by his attorneys, PENBERTHY LAW GROUP LLP, for his Complaint against the defendants, CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S), alleges as follows:

**CONDITIONS PRECEDENT TO SUIT**

1. The condition precedent to suit concerning New York General Municipal Law §50-e's Notice of Claim requirements have been performed.

**PARTIES**

2. The Plaintiff, DANIEL WARMUS, at all times hereinafter mentioned was and still is a resident of the Town of Alden, located within the County of Erie and the State of New York.

3. Upon information and belief, the defendant, CITY OF LOCKPORT, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

4. Upon information and belief, within Defendant CITY OF LOCKPORT exists a police department, which employs Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI and CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S).

5. Upon information and belief, at all times hereinafter mentioned, Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI and CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S) were and still are residents of the County of Niagara and the State of New York. CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI and CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S) are sued in both their individual and official capacities.

6. Upon information and belief, at all times hereinafter mentioned, the police officer defendants, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI and CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S) were employed by Defendant CITY OF LOCKPORT, as police officers, and at all relevant times mentioned herein were acting in their capacity as police officers in accordance with the policies, directives, initiatives, both express, implied, and as a matter of custom of the municipal defendant, CITY OF LOCKPORT.

7. Upon information and belief, at all times hereinafter mentioned, CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) were and still are residents of the County of Niagara and the State of New York. CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT

EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) are sued in both their individual and official capacities.

8. Upon information and belief, at all times hereinafter mentioned, the City Hall employee defendants, CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) were employed by Defendant CITY OF LOCKPORT, as City employees, and at all relevant times mentioned herein were acting in their capacity as City employees in accordance with the policies, directives, initiatives, both express, implied, and as a matter of custom of the municipal defendant, CITY OF LOCKPORT.

9. Defendant CITY OF LOCKPORT is vicariously liable for the conduct of Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) under the doctrine of respondeat superior.

**STATEMENT OF FACTS**

10. On or about August 18, 2023, Plaintiff DANIEL WARMUS presented lawfully to the City of Lockport Municipal office, located at 1 Locks Plaza, Lockport, New York, 14904, and was video recording the service of process of a city employee of his own civil claim. In the recording of lawful process, Defendants CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or

CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) accuse Plaintiff of committing the charge of harassment, knowing the same not to be true.

11. None of Plaintiff's aforementioned activities were conducted in a criminal manner under the laws of the state nor was there indicia of criminality afoot, nonetheless, Plaintiff was subjected to a prolonged stop, arrest, and prosecution by Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S).

12. Upon information and belief, Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S), without sufficient cause, ordered the arrest and prosecution of Plaintiff.

13. Upon information and belief, Defendants' conduct was retaliatory for Plaintiff's recording of Defendants.

14. Ultimately, the aforementioned false charges against Plaintiff were dismissed on or about December 14, 2023.

15. Upon information and belief, the incident hereinbefore described and the resultant damages sustained here was caused as a result of the negligence, carelessness, reckless disregard and/or unlawful conduct on the part of the agents, servants and/or employees of the CITY OF

LOCKPORT and CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S). Such acts or omissions include, but are not limited to, unlawful arrest; malicious prosecution; failing and omitting to have and provide personnel with sufficient experience to handle similar circumstances; and allowing and permitting personnel and/or police officers to cause injury to Plaintiff.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S), ABOVE-NAMED, THE PLAINTIFF, DANIEL WARMUS, ALLEGES:**

16. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

17. Defendants CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) did cause the commencement of and/or continuation of and otherwise participate in a judicial proceeding against the Plaintiff and said Defendants did wrongfully and maliciously complain against, and initiate the judicial proceedings or participate therein and/or continue the

action in Court against the Plaintiff, where the proceedings lacked probable cause and merit, and were based on false allegations.

18. The judicial proceedings did terminate in favor of the Plaintiff.

19. Each and every of the individual defendants named herein at all times mentioned in this Complaint were state actors acting under color of state law.

20. That by reason of the foregoing, Plaintiff has been caused to sustain injuries and losses, all to each of his damage in a sum of money exceeding the monetary jurisdiction of all lower Courts.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S), ABOVE-NAMED, THE PLAINTIFF, DANIEL WARMUS, ALLEGES:**

21. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

22. Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S), at all times mentioned in this Complaint, were acting under color of New York State law, actionable under 42 U.S.C. § 1983.

23. Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) intended to arrest and maliciously prosecute Plaintiff, wherein Plaintiff was conscious of the arrest and did not consent to the same, nor was Defendants' activities privileged.

24. Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) lacked probable cause to arrest Plaintiff.

25. By falsely charging and instituting an arrest of Plaintiff, Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) violated his Fourth and Fourteenth Amendment rights to be free from deprivations of liberty without due process of law.

26. That by reason of the foregoing, Plaintiff has been caused to sustain injuries and losses, all to each of his damage in a sum of money exceeding the monetary jurisdiction of all lower Courts.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S), ABOVE-NAMED, THE PLAINTIFF, DANIEL WARMUS, ALLEGES:**

27. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

28. All of the above conduct, including the malicious prosecution under color of state law pursuant to 42 U.S.C. § 1983, against Plaintiff by Defendants CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) was committed in violation of each of the Plaintiff's Fourth Amendment rights to be free from the same.

29. To prevail on a § 1983 claim for malicious prosecution, "a plaintiff must plead (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in his favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the Defendants' actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).

30. Plaintiff can show all of the above elements existed in relation to him being prosecuted for the offenses claimed in the incident of August 18, 2023, wherein there was no cause for arrest, the charges were dismissed, and malice existed against Plaintiff herein.

31. As detailed above, the Defendants lacked probable cause to initiate the above-referenced proceedings and institute charges against the Plaintiff on the August 18, 2023 incident, as well as continue with these charges until they were dismissed on the merits.

32. As the lack of probable cause to initiate these proceedings has been sufficiently pled, there is no need to independently plead malice. Malice can be inferred from the lack of probable cause. Cruz v. City of New York, No. 08 Civ. 8640 (LAP), 2010 WL 3020602, at *6 (S.D.N.Y. July 27, 2010); Bleiwas v. City of New York, No. 15 CIV. 10046 (ER), 2017 WL 3524679, at *6 (S.D.N.Y. Aug. 15, 2017).

33. Defendants' actions deprived Plaintiff of his due process rights and his right to be free from unreasonable restraint upon his liberty under the Fourth and Fourteenth Amendments.

34. Plaintiff received favorable terminations on the criminal charge lodged against him based on the lack of merit to said charges.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST CITY OF LOCKPORT, ABOVE-NAMED, THE PLAINTIFF, DANIEL WARMUS, ALLEGES:**

35. Plaintiff incorporates and repeats the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

36. Actionable under 42 U.S.C. § 1983, as a result of the municipal policy, custom, or practice or decision of municipal policymaker with final policymaking authority, Defendants CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) took action in the

instruction and/or promulgations of rules, under color of law, to cause and effect the deprivation of Plaintiff's Fourth and Fourteenth Amendments right to be free from deprivations of liberty without due process of law, to be subjected to the false arrest and malicious prosecution, above-described.

37. To establish a municipal liability claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 140 (2d Cir. 2010) (quoting Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates [emphasis added]. Iacovangelo v. Corr. Med. Care, Inc., 624 F. App'x 10, 13-14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); Jones v. Town of E. Haven, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).). Relating to widespread and pervasive practices and using logical inferences to impute knowledge onto policymakers, circumstantial evidence can be sufficient to support an inference that . . . a municipal policy or custom exists." Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)).

38. Defendant CITY OF LOCKPORT is liable for the false arrest and malicious prosecution of Plaintiff under the Monell Doctrine.

39. Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) conspired to falsely charge Plaintiff knowing there was no actual criminal conduct committed by Plaintiff by his videorecording a judicial process.

40. Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) were advised by their superiors and granted permission, express or implied, to proceed with the malicious prosecution of Plaintiff.

41. If his actions were done without deliberate malicious intent, in drafting and filing the baseless criminal charges against Plaintiff, especially after having reviewed the accounts of the complaining parties, Defendants CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI and CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S) exhibited poor training and a lack of proper supervision.

42. If their actions were done without deliberate malicious intent, in insisting on filing baseless criminal charges against Plaintiff, Defendants CITY OF LOCKPORT EMPLOYEE CAROLE

EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and/or CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S) exhibited poor training and a lack of proper supervision

43. As a result of the foregoing, the Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**PRAYER FOR RELIEF**

44. In consideration of the foregoing claims, declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §2202.

45. As a result of the foregoing, Plaintiff DANIEL WARMUS requests recovery for reasonable attorney's fees and costs pursuant to pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 54.

WHEREFORE, Plaintiff DANIEL WARMUS demands judgment on the above counts against the Defendants CITY OF LOCKPORT, CITY OF LOCKPORT LIEUTENANT STEVEN TARNOWSKI, CITY OF LOCKPORT POLICE OFFICER JOHN DOE(S), CITY OF LOCKPORT EMPLOYEE CAROLE EDWARDS, CITY OF LOCKPORT EMPLOYEE SARAH LANZO, CITY OF LOCKPORT EMPLOYEE JENNIFER WOCHNA, CITY OF LOCKPORT EMPLOYEE EMILY STODDARD, and CITY OF LOCKPORT EMPLOYEE(S) JOHN DOE(S), their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

a. Compensatory damages in favor of the Plaintiff in an amount to be determined by a jury;

b. Exemplary damages in favor of the Plaintiff;

c. Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

d. Such other relief as the court may deem appropriate.

DATED: Buffalo, New York
December 1, 2024

**PENBERTHY LAW GROUP LLP**

By: *s/Brittanylee Penberthy, Esq.*
BRITTANYLEE PENBERTHY, ESQ.
Attorneys for Plaintiff
Office and P.O. Address
227 Niagara Street
Buffalo, New York 14201
(716) 803-8402